# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Anthony B. Cistrunk,

       Plaintiff,

   vs.                 REPORT AND RECOMMENDATION

W. Johnson, M. Orn,
D. Baker, and E.
Alexander,

       Defendants.      Civ. No. 08-2203 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. For these purposes, the Plaintiff appears pro se, and the Defendants appear by David W. Fuller, Assistant United States Attorney.

For reasons which follow, we recommend that the Plaintiff's Complaint be summarily dismissed, but without prejudice, and that the Defendants' Motion be denied, as moot.

## II. Factual and Procedural Background

The Plaintiff, who is presently an inmate at the Federal Correctional Institution, in Fort Worth, Texas, commenced this action with the filing of a Complaint, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which he alleges that the Defendants, who are staff members at the Federal Prison Camp, in Duluth, Minnesota ("FPC-Duluth"), violated his constitutional right to Due Process. See, Complaint, Docket No. 1. Specifically, the Plaintiff contends that the Defendants wrongly charged him, convicted him, and disciplined him, for possession of an unauthorized cell phone, when he was previously confined at FPC-Duluth.[1] Id. at pp. 5-6.

On August 16, 2007, while the Plaintiff was serving his sentence at FPC-Duluth, his cell was searched by non-party Kalen Johnson ("K. Johnson"), who is a staff member at FPC-Duluth. Id. at p. 5 ¶1 and p. 9. During the course of that search, an unauthorized cell phone was found, together with its charger, in a common area of

---

[1]Following the events giving rise to this lawsuit, the Plaintiff was transferred to the Federal Medical Center, in Springfield, Missouri. He was incarcerated at that facility when he commenced this action, but he has since been transferred again, to the Federal Correctional Institution, in Fort Worth, Texas. See, Declaration of Ann Norenberg ("Norenberg Decl."), Docket No. 19, at ¶3 and Attachment 1; Docket No. 28.

the cell, which the Plaintiff shared with two (2) other inmates, V. Pledger ("Pledger"), and D. Hall ("Hall"). Id. at p. 5 ¶¶1-2 and p. 9. According to the Plaintiff, only Pledger was present in the cell at the time of the search, and Pledger admitted to K. Johnson that neither Hall nor the Plaintiff had any knowledge of the cell phone. Id. at p. 5 ¶2. Nonetheless, K. Johnson prepared an Incident Report, which charged the Plaintiff with a rule violation -- namely, Conduct which Disrupts, through the Possession of Hazardous Tool. Id. at p. 5 ¶2 and p. 9.

On August 18, 2007, the Defendant Wallace Johnson ("W. Johnson"), who is a correctional officer at FPC-Duluth, delivered the Incident Report to the Plaintiff. Id. at p. 9. Here, the Plaintiff asserts that W. Johnson ignored his Due Process rights, by ignoring Pledger's confession, and by delivering the Incident Report more than twenty-four (24) hours after the cell search. Id. at p. 5 ¶3, and p. 7.

On August 22, 2007, a preliminary Hearing was conducted by the Unit Disciplinary Committee ("UDC"), including the Defendant Mike Orn ("Orn"), who is a correctional officer at FPC-Duluth. Id. at p. 5 ¶5. At the Hearing, the Plaintiff denied any knowledge of the cell phone. Id. However, Orn found that the "numbers called on the cell phone are also listed on [the Plaintiff's Inmate Telephone System ("ITS")] account." Id. at p. 9. As a result, Orn referred the charges to a Disciplinary

Hearing Officer ("DHO") for further Hearing. Id. Here, the Plaintiff alleges that Orn violated his Due Process rights, by falsifying the cell phone records, and by refusing to provide the Plaintiff with a copy of the cell phone records which, the Plaintiff contends, would have demonstrated his innocence. Id. at p. 5 ¶¶7-9 and p. 7.

On September 17, 2007, a Hearing was conducted by the Defendant Eleanor Alexander ("Alexander"), who is a correctional officer at FPC-Duluth, and who served as the DHO. Id. at p. 6 ¶¶12-13. At his request, the Plaintiff was represented at the Hearing by the Defendant David Baker ("Baker"), who is a correctional officer at FPC-Duluth. Id. at p. 6 ¶10.[2] However, the Plaintiff alleges that Baker violated his Due Process rights, by "counter-attacking every issue" that the Plaintiff raised, and by acting more like "a prosecutor," than a staff representative. Id. at p. 6 ¶¶10-11.

Ultimately, Alexander found that the Plaintiff had committed the violation as charged, based upon the greater weight of the evidence. Id. at p. 11. Although she made no mention of the cell phone records, Alexander rejected Pledger's confession, after concluding that Pledger "may have been coerced into taking responsibility." Id.

---

[2]In addition, the Plaintiff called Hall as a witness. See, Complaint, supra at p. 10. According to the Complaint, Hall testified that the Plaintiff was not present in the cell, when the cell phone and charger were found, and he further testified that Pledger had accepted responsibility for the contraband. Id.

Here, the Plaintiff first alleges that Alexander violated his Due Process rights, by falsely stating, in her report, that the Plaintiff did not submit any documentary evidence, at the time of the Hearing, and he contends that "plenty of documentary evidence was shown." Id. at p. 6 ¶17. In addition, the Plaintiff alleges that Alexander violated his Due Process rights, by convicting him without any reliable evidence, and by imposing excessive sanctions. Id. at p. 6 ¶¶12-17.

Specifically, Alexander imposed the following sanctions: 1) the disallowance of 41 days of Good Conduct Time, 2) the forfeiture of 150 non-vested days of Good Conduct Time, 3) the loss of commissary and visitation privileges for 1 year, 4) the loss of phone privileges for 18 months, 5) a sentence of 45 days in disciplinary segregation, and 6) a recommendation for disciplinary transfer. Id. at p. 11. In imposing those sanctions, Alexander noted the severity of the violation, and her intention to deter such conduct, given that "[i]nmates who circumvent the ITS monitoring by using a cell phone, [sic] have been known to disrupt the safety and security of the institution, by arranging drug/contraband introductions, providing messages related to gang activity, and/or to extort money." Id.

Following his conviction for the rule violations, the Plaintiff exhausted his appeals, through the administrative remedy process of the Federal Bureau of Prisons

("BOP"). <u>Id.</u> at pp. 2, 7-8, 16-20. However, his appeal was denied, first by the Regional Director, <u>id.</u> at p. 17, and then by the BOP's Central Office. <u>Id.</u> at p. 20.[3]

The Plaintiff now brings this action, in which he claims that the Defendants violated his Due Process rights during the course of his disciplinary proceedings, as detailed above. By way of monetary relief, the Plaintiff seeks compensatory and punitive damages. See, <u>Complaint</u>, supra at p. 4. In addition, the Plaintiff asks that we reinstate his original inmate security classification, grant him an "immediate transfer" to another prison, and "restore all sanctions [sic] * * * ." <u>Id.</u>

For their part, the Defendants have filed a Motion to Dismiss, or for Summary Judgment, in which they assert that the Complaint fails to state a claim, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and that the Plaintiff's claims are barred by the doctrines of sovereign immunity, and qualified immunity. See, <u>Docket No. 15</u>. In addition, the Defendants contend that we lack personal jurisdiction over Alexander, owing to insufficient service of process. See, <u>Rule 12(b)(2)</u>, <u>Federal Rules of Civil Procedure</u>.

---

[3]The Defendants acknowledge that the Plaintiff has exhausted his administrative remedies as to his current claims. See, <u>Defendants' Memorandum in Support</u>, <u>Docket No. 16</u>, at p. 7.

We do not reach the arguments which are raised by the Defendants' Motion, because we conclude that the Plaintiff's Complaint should be dismissed, upon the Court's own Motion, for the reasons we now detail.

### III. Discussion

A.      Standard of Review.  Since the Plaintiff is a prisoner, who is seeking redress from governmental employees, his pleading is subject to preliminary "screening" pursuant to Title 28 U.S.C. §1915A.  Section 1915A, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires Federal Courts to screen the pleadings in every civil action, which is commenced by a prisoner against governmental entities and/or employees, "before docketing, if feasible or, in any event, as soon as practicable after docketing." Title 28 U.S.C. §1915A(a).  The Court must determine which aspects of the pleading are actionable, and should be allowed to proceed.  If the pleading fails to state a legally cognizable claim, then the action must be dismissed.  See, Title 28 U.S.C. §1915A(b)(1).

In most cases, as contemplated by Congress, prisoner Complaints are screened prior to the service of process, and we recognize that this case has progressed beyond the stage when Section 1915A normally is applied.  However, the statutory language does not preclude sua sponte review of prisoner complaints, after a case has

progressed beyond the filing stage.  See, <u>Title 28 U.S.C. §1915A(a)</u>(requiring

screening "before docketing, if feasible or, in any event, as soon as practicable after

docketing").

In addition, when a prisoner files a civil rights action which challenges his

conditions of confinement, Title 42 U.S.C. §1997e(c)(1) provides as follows:

> **The court shall on its own motion** * * * **dismiss any
> action brought with respect to prison conditions** under
> section 1983 of this title, or any other Federal law, by a
> prisoner confined in any jail, prison, or other correctional
> facility if the court is satisfied that the action is frivolous,
> malicious, fails to state a claim upon which relief can be
> granted, or seeks monetary relief from a defendant who is
> immune from such relief.

[Emphasis added].

Section 1997e applies here, given that the Plaintiff asserts claims which relate to his

conditions of confinement.  See, <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002)

(concluding that, for purposes of the exhaustion requirement which is prescribed by

Title 42 U.S.C. §1997e(a), the term "prison conditions" encompasses "all inmate suits

about prison life, whether they involve general circumstances or particular episodes").

Thus, even if this action were no longer reviewable under Section 1915A, <u>sua</u> <u>sponte</u>

dismissal is authorized -- in fact, mandated -- by Section 1997e(c)(1), "if the court is

satisfied that the action * * * fails to state a claim upon which relief can be granted."

Moreover, because the Plaintiff has been granted leave to proceed in forma pauperis ("IFP"), his Complaint is subject to sua sponte dismissal at any time, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), which provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that * * * the action or appeal * * * fails to state a claim on which relief may be granted.

[Emphasis added].

In sum, because the Plaintiff is a prisoner, who brings claims relating to the conditions of his confinement, and who has been granted IFP status, his Complaint is subject to sua sponte review, pursuant to Title 28 U.S.C. §1915A(a), Title 42 U.S.C. §1997e(c)(1), and Title 28 U.S.C. §1915(e)(2)(B)(ii).

B.   Legal Analysis.  Shortly after this action was commenced, we conducted a review of the Plaintiff's Complaint pursuant to Section 1915A.  At that time, we determined that the Plaintiff's Complaint would **not** be dismissed prior to service of process.  See, Order, Docket No. 5, at p. 2.  However, our independent research has since disclosed that the Plaintiff's Complaint must be dismissed, sua sponte, because his claims are barred by three decisions of the United States Supreme Court -- namely,

Preiser v. Rodriguez, 411 U.S. 475 (1973), Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).

In Preiser, the plaintiff-prisoners alleged, inter alia, that their constitutional right to Due Process had been violated, during the course of prison disciplinary proceedings. Id. at 476. Accordingly, the plaintiffs filed a civil rights action, in which they sought a restoration of their good-time credit. Id. However, the Court concluded that the plaintiffs could not sustain a civil rights action because, "[e]ven if the restoration of [good-time credit] would not have resulted in [the plaintiffs'] immediate release, but only in shortening the length of their actual confinement in prison, habeas corpus would have been their appropriate remedy." Id. at 487. Through its holding, the Court made clear that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In reaching its conclusion, the Preiser Court observed that the plaintiffs "sought no damages, but only equitable relief -- restoration of their good-time credits -- and our holding * * * is limited to that situation." Id. at 494. However, in Heck, the Supreme Court expanded its holding, to cases in which the prisoner seeks only

monetary damages.  See, <u>Heck v. Humphrey</u>, supra at 486-487.  In <u>Heck</u>, the plaintiff

was a State prisoner, who alleged that his constitutional rights had been violated,

during the course of the criminal investigation and prosecution, which led to his

conviction.  <u>Id.</u> at 479.  Unlike the plaintiff in <u>Preiser</u>, the plaintiff in <u>Heck</u> sought

damages, rather than injunctive relief.  <u>Id.</u>  Nonetheless, the Court affirmed the

dismissal of the plaintiff's action, after finding that his claims effectively challenged

the lawfulness of his conviction and confinement.  <u>Id.</u> at 479-480, 483.  In reaching

its conclusion, the Court held as follows:

> We hold that, in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a §1983 plaintiff must
> prove that the conviction or sentence has been reversed on
> direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's
> issuance of a writ of habeas corpus, 28 U.S.C. §2254.  A
> claim for damages bearing that relationship to a conviction
> or sentence that has not been so invalidated is not
> cognizable under §1983.  Thus, when a state prisoner seeks
> damages in a §1983 suit, the district court must consider
> whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or
> sentence; if it would, **the complaint must be dismissed**
> unless the plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.

<u>Id.</u> at 486-87 [emphasis added and internal footnote omitted].

As a result, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489.

In Edwards, the Court further expanded its holding, to cases in which a prisoner challenged the result of a disciplinary proceeding. See, Edwards v. Balisok, supra at 646-648. In Edwards, as here, the plaintiff-prisoner had been found guilty of rule violations, in a prison disciplinary proceeding, and his sentence included the forfeiture of good-time credit. Id. at 643. After exhausting his administrative appeals, the plaintiff in Edwards filed a civil rights action, in which he "requested a declaration that the procedures employed by state officials violated due process," as well as compensatory and punitive damages, and injunctive relief. Id. In his Complaint, the plaintiff specifically alleged that the prison official, who had served as a hearing officer during the disciplinary proceeding, had "concealed exculpatory witness statements and refused to ask specified questions of requested witnesses, * * * which prevented [the plaintiff] from introducing extant exculpatory materials and 'intentionally denied' him the right to present evidence in his defense * * * ." Id. at 644.

On appeal, the Supreme Court concluded that the plaintiff's civil rights claims were barred by Heck, because "[t]he principal procedural defect complained of" -- namely, that the plaintiff was denied the opportunity to present a defense, owing to the "deceit and bias of the hearing officer" -- "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Id. at 646. As a result, the Court held that the plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983." Id. at 648.

In other words, where a prisoner alleges procedural flaws in a disciplinary proceeding, such claims are barred by Heck, whether for monetary or equitable relief, if those claims necessarily imply the wrongful deprivation of good-time credit. Our Court of Appeals applied this principle more than ten (10) years ago, in Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).[4] There, a prisoner was disciplined for submitting a letter to a prison publication, in which he made a derogatory remark

_____

[4]The decision of our Court of Appeals in Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996), preceded the Supreme Court's decision in Edwards v. Balisok, 520 U.S. 641 (1997), by one year. However, the Sheldon Court correctly anticipated the Supreme Court's subsequent opinion in Edwards, and employed reasoning that was later validated by Edwards.

about a prison warden. Id. at 232. As a result, the prisoner was sentenced to fifteen (15) days of disciplinary detention, and he forfeited sixteen (16) days of good-time credit. Id. Thereafter, the prisoner filed a civil rights action, in which he claimed that the prison officials who were involved in his disciplinary proceeding had violated his First Amendment rights. Id. On appeal, the Court affirmed the dismissal of the plaintiff's action, pursuant to the Supreme Court's reasoning in Heck, that "a prisoner cannot bring a §1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." Id.; see also, Davis v. Norris, 230 Fed. Appx. 636, 637 (8th Cir. 2007)("[A]s to [the plaintiff's] allegation that his conviction resulted in a loss of good-time credit, [he] must seek relief in a habeas proceeding."). In its decision, the Court explicitly noted that Heck "applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence." Id. at 233, citing Miller v. Indiana Dep't of Corrections, 75 F.3d 330, 331 (7th Cir. 1996).

The Court further rejected the plaintiff's argument, that Heck barred the restoration of his good-time credit, but not his separate claim for money damages. Id. Instead, the Court concluded that the plaintiff's First Amendment claims were "so entangled with the propriety of the disciplinary result, which triggered the loss of

good-time credits, that ruling in [his] favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence." Id. at 234. Given this conclusion, the Court held that the plaintiff's civil rights claim would not arise "until the state or a federal habeas court has invalidated the disciplinary result." Id. at 233, citing Miller v. Indiana Dep't of Corrections, supra at 331, and Heck v. Humphrey, supra at 489. Accordingly, the Sheldon Court modified the dismissal of the plaintiff's claims, to be without prejudice, so as "to permit [the plaintiff] to refile the action if the state or a federal habeas court invalidates the disciplinary ruling." Id.

Our Court of Appeals reiterated this view more recently in Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002). There, the plaintiff was found guilty in a prison disciplinary proceeding, and sentenced to thirty (30) days in segregation, plus the forfeiture of forty-five (45) days of good-time credit. Id. at 1064. The prisoner filed a civil rights action, in which he claimed that prison officials had violated his constitutional rights to Due Process and Equal Protection, during the course of his disciplinary proceeding. Id. As relief, the plaintiff sought an "expung[ement] of the disciplinary conviction, restoration of his good time credits and all other privileges,

suspension of his administrative segregation classification * * * , and money damages." Id. at 1064-1065.

On appeal, the Court concluded that the District Court had properly dismissed the plaintiff's claim for a restoration of his good-time credit. Id. at 1066, citing Preiser v. Rodriguez, supra, and Blair-Bey v. Nix, 919 F.2d 1338, 1339 (8th Cir. 1990), cert. denied, 502 U.S. 899 (1991). The Court further affirmed the dismissal of the plaintiff's claims for money damages, pursuant to the Supreme Court's decision in Heck, as follows:

> Under Heck, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." Sheldon [v. Hundley], 83 F.3d at 233. Because Portley-El seeks damages for the **imposition** of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is Heck-barred.

Id. at 1067 [emphasis in original and footnote omitted], quoting Edwards v. Balisok, supra at 486.

In Portley-El, the plaintiff had argued that Heck did not apply to his Equal Protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." Id. However, the Court rejected that distinction, as irrelevant, and explicitly held that "[t]he rule in Heck covers any §1983

claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" Id., quoting Heck v. Humphrey, supra at 486.

The Portley-El Court emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's §1983 cause of action." Id. Instead, the Court focused its inquiry on whether the plaintiff's claims, if proven, "would necessarily * * * render[] the disciplinary result invalid, including the loss of good time credits." Id., citing Edwards v. Balisok, supra at 647 ("A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him."). Indeed, the cases which we have detailed demonstrate that Heck bars a plaintiff-prisoner's claim -- regardless of the constitutional basis for the claim, or the nature of the relief sought -- where success on the merits would necessarily invalidate the loss of good-time credit as a disciplinary sanction.[5] See also, Henson v. Brownlee, 2 Fed. Appx. 635, 636-637 (8th

---

[5]In the cases cited in the body of this Report, the plaintiffs were State prisoners, who sought relief pursuant to Title 42 U.S.C. §1983. See, Preiser v. Rodriguez, 411 U.S. 475 (1973); Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520 U.S. 641 (1997); Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996); Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002). Here, by contrast, the Plaintiff is a Federal prisoner, who seeks relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

(continued...)

- 17 -

Cir. 2001); <u>Early v. Blankenship</u>, 221 F.3d 1342, 2000 WL 1006646 at *1 (8th Cir. 2000)[Table Disposition]; <u>Krych v. Hvass</u>, 2005 WL 1719381 at *6 (D. Minn., July 21, 2005), adopted, 2005 WL 2250768 (D. Minn., August 31, 2005).

Here, the Plaintiff seeks a Judgment that would, <u>inter alia</u>, "[r]estore all sanctions that was [sic] given to the plaintiff * * * ." <u>Complaint</u>, supra at p. 4. Although his request is not artfully phrased, the Plaintiff plainly seeks a Judgment which would invalidate the results of the disciplinary proceeding, and restore his good-time credit. The claim is barred by the Supreme Court's decision in <u>Preiser</u>,

---

<sup>5</sup>(...continued)
Nonetheless, "[a]n action under <u>Bivens</u> is almost identical to an action under § 1983," <u>Christian v. Crawford</u>, 907 F.2d 808, 810 (8th Cir. 1990), and, for present purposes, there is no meaningful distinction between the two forms of action. Indeed, Federal Courts have consistently applied the principles of <u>Heck</u>, and its progeny, in <u>Bivens</u> actions by Federal prisoners. See, <u>Washington v. Sorrows</u>, 107 F.3d 876, 1997 WL 71670 at *1 (8th Cir. 1997)[Table Disposition]("Although Heck addressed an action brought under 42 U.S.C. §1983, the Court's rationale did not rest on any consideration unique to section 1983, and Bivens is 'the federal law analogous to §1983.'"), quoting <u>Vennes v. An Unknown Number of Unidentified Agents</u>, 26 F.3d 1448, 1452 (8th Cir. 1994), cert. denied, 513 U.S. 1076 (1995), and citing <u>Martin v. Sias</u>, 88 F.3d 774, 774 (9th Cir. 1996)(collecting cases). Thus, the principles discussed in <u>Heck</u>, and its progeny, are fully applicable to the Plaintiff's <u>Bivens</u> action. See, <u>Brown v. Alexander</u>, 2009 WL 315609 at *4-5 (D. Minn., February 9, 2009)(applying the <u>Heck</u> rule to bar a Federal prisoner's claim that his Due Process rights were violated during the course of a prison disciplinary proceeding, which resulted in the loss of good-time credit); <u>Perez v. Sanders</u>, 2009 WL 1043975 at *3 (E.D. Ark., March 26, 2009)(same).

which held that a Habeas proceeding is the exclusive remedy for challenging the duration of a prison term.  See also, <u>Portley-El v. Brill</u>, supra at 1066 ("[T]he Court held in Preiser that habeas corpus, not §1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding.").

The Plaintiff also seeks compensatory and punitive damages, for the alleged violation of his Due Process rights, but we similarly conclude that those claims are barred by <u>Heck</u> and <u>Edwards</u>.  See also, <u>Brown v. Alexander</u>, 2009 WL 315609 at *2-5 (D. Minn., February 9, 2009)(concluding that the <u>Heck</u> rule barred the plaintiff's claim that the defendant had imposed disciplinary sanctions without the benefit of due process, and engaged in fraudulent conduct, during the course of a prison disciplinary proceeding).  Following our close review of the Plaintiff's Complaint, we conclude that "any judgment in his favor on his due process/good-time credit claims would necessarily raise doubts about the validity of his current release date and the proper duration of his confinement."  <u>Id.</u> at *5, citing <u>Sheldon v. Hundley</u>, supra at 233, and <u>Edwards v. Balisok</u>, supra.  As a result, the Plaintiff's action is premature, because his civil rights claims will not arise, if at all, "until [he] has successfully challenged that

discipline through habeas or some other proceeding." <u>Portley-El v. Brill</u>, supra at 1066; see also, <u>Sheldon v. Hundley</u>, supra at 233.

As a final matter, we note that the Plaintiff baldly asserts that the Defendants engaged in retaliatory or discriminatory conduct, during the course of his prison disciplinary proceeding. See, e.g., <u>Complaint</u>, supra at p. 4 ¶5, p. 5 ¶¶4, 8-9, and p. 6 ¶14. However, the Plaintiff has not alleged any **facts** which would support a claim of unlawful discrimination or retaliation, by any of the named Defendants. Instead, his use of those terms is wholly conclusory. See, <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980)(While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."); see also, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). Accordingly, we conclude that the Plaintiff has not stated any claim for discrimination or retaliation.

Moreover, even if the Plaintiff presented a factually supported claim of discrimination or retaliation, no such claim could be entertained here, because it would be barred by <u>Heck</u>. As we have explained, the application of the <u>Heck</u> rule does not depend on the legal basis for a prisoner's claims. Instead, our focus is

whether the plaintiff's claims, if proven, "would necessarily raise doubts about the validity of his current release date and the proper duration of his confinement." Brown v. Alexander, supra at *5, citing Sheldon v. Hundley, supra at 233 (concluding that Heck barred the prisoner's First Amendment claim, which necessarily implied that "the result of the disciplinary proceeding is wrong and his punishment for the rule violation -- both the loss of good-time credits and the disciplinary detention -- is improper."); see also, Portley-El v. Brill, supra at 1067 (concluding that Heck barred the prisoner's Equal Protection claim which, if successful, would invalidate the underlying disciplinary proceedings, and the loss of good-time credit). Here, any successful challenge to the Plaintiff's disciplinary proceedings, based upon his bare allegations of retaliation and discrimination, would necessarily invalidate his disciplinary sanctions, including the loss of good-time credit. Therefore, even if we were to conclude that the Plaintiff's Complaint stated a claim for retaliation or discrimination, such a claim would be barred by Heck.

In sum, we conclude that the Plaintiff's claims are barred by the Supreme Court's decision in Heck, and its progeny, unless and until the Plaintiff's good-time credit is restored by some other means, such as a successful Habeas Petition, pursuant

to Title 28 U.S.C. §2241.[6]  For this reason, we recommend that the Plaintiff's Complaint be summarily dismissed, pursuant to Title 28 U.S.C. §1915A(b), Title 42 U.S.C. §1997e(c)(1), and Title 28 U.S.C. §1915(e)(2)(B)(ii), but without prejudice. See, Sheldon v. Hundley, supra at 233.[7]  As a consequence, we further recommend that the Defendants' Motion to Dismiss, or for Summary Judgment, be denied as moot.

NOW, THEREFORE, It is --

---

[6]After a careful review of the Complaint, we are unable to construe the Plaintiff's current pleading as a Habeas Petition.  A Federal Habeas Petition must be filed in the District where either the petitioner, or his custodian, is located.  See, Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979); see also, Propotnik v. Putman, 538 F.2d 806, 807 (8th Cir. 1976) (Section 2241 Habeas Corpus Petition was properly dismissed for lack of personal jurisdiction where Petitioner was confined in another District when he filed his Petition); United States v. Chacon-Vega, 262 Fed. Appx. 730, 731 (8th Cir. 2008)("[A] petition under 28 U.S.C. §2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated."); Egan v. Hawk, 983 F. Supp. 858, 860 n. 1 (D. Minn. 2000), citing Schmanke v. United States Bureau of Prisons, 847 F. Supp. 134, 136 n. 3 (D. Minn. 1994).  Here, the Plaintiff is not currently confined in the District of Minnesota, nor was he confined in this District when he commenced this action.  As a result, if we were to construe the Plaintiff's Complaint as a Habeas Petition, it would be subject to immediate dismissal, for a lack of jurisdiction.

[7]We express no view, with respect to the Plaintiff's likelihood of success, should he choose to file a Habeas Petition, and our recommendation, that this action be dismissed without prejudice, should not be misinterpreted as an endorsement of the Plaintiff's challenge to the underlying disciplinary proceedings.

RECOMMENDED:

1.     That the Plaintiff's Complaint be dismissed, pursuant to Title 28 U.S.C. §1915A(b), Title 42 U.S.C. §1997e(c)(1), and Title 28 U.S.C. §1915(e)(2)(B)(ii), but without prejudice.

2.     That the Defendants' Motion to Dismiss, or for Summary Judgment [Docket No. 15] be denied, as moot.


Dated:  July 22, 2009                          _s/Raymond L. Erickson_____
                                               Raymond L. Erickson
                                               CHIEF U.S. MAGISTRATE JUDGE


**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 7, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 7, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.